UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LLOYD HOUSTON, II, | No. 2:16-cv-0014 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff amended his complaint as of right prior to the court's screening. Fed. R. Civ. P. 15. Thus, plaintiff's second amended complaint is the operative pleading.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 | Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
2 | indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3 | 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4 | pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 | Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
6 | 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
7 | meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
8 | 1227.
9 |       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
10 | statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
11 | defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
12 | Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
13 | In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
14 | formulaic recitation of the elements of a cause of action;" it must contain factual allegations
15 | sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific
16 | facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
17 | the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
18 | (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
19 | In reviewing a complaint under this standard, the court must accept as true the allegations of the
20 | complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
21 | favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
22 | grounds, Davis v. Scherer, 468 U.S. 183 (1984).
23 |       Plaintiff alleges that defendant Sheriff's Deputy McCune took from plaintiff ten 12x18
24 | writings and drawings. Plaintiff states that the deprivation was unauthorized and intentional.
25 | (ECF No. 9 at 4.) Plaintiff alleges that defendant Sheriff's Deputy J. Harris "made false
26 | statements about plaintiff's property and the material it depicted." (ECF No. 9 at 5.) Plaintiff
27 | names the Sacramento County Sheriff's Department as a defendant, but includes no charging
28 | allegations against the county. (Id., *passim*.)

1    The United States Supreme Court has held that "an unauthorized intentional deprivation
2 of property by a state employee does not constitute a violation of the procedural requirements of
3 the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for
4 the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state
5 provides a meaningful postdeprivation remedy, only authorized, intentional deprivations
6 constitute actionable violations of the Due Process Clause.  An authorized deprivation is one
7 carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,
8 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,
9 1149 (9th Cir. 1987).

10   In the instant case, plaintiff concedes the deprivation was unauthorized.  The California
11 Legislature has provided a remedy for tort claims against public officials in the California
12 Government Code, §§ 900, et seq.  Because plaintiff has not attempted to seek redress in the state
13 system, he cannot sue in federal court on the claim that the state deprived him of property without
14 due process of the law.  The court concludes that this claim must, therefore, be dismissed as
15 frivolous.  See 28 U.S.C. § 1915(e)(2).

16   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's second
17 amended complaint is dismissed as frivolous, and the court declines to grant plaintiff leave to
18 proceed in forma pauperis (ECF No. 7).  28 U.S.C. § 1915(e)(2).

19 Dated:  March 11, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hous0014.26

3